IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD E. FREDERICKS,   )<br>                             )<br>         Plaintiff,          )<br>                             )<br>    v.                       )<br>                             )<br> NANCY A. BERRYHILL, Acting  )<br> Commissioner of Social Security,[1] )<br>                             )<br>         Defendant.          ) | No. 16 C 2696<br><br>Magistrate Judge<br>Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff Donald Fredericks's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 14] is granted in part. The case is remanded for further proceedings consistent with this Opinion.

## BACKGROUND

### I.    PROCEDURAL HISTORY

On July 16, 2012, Plaintiff filed a claim for DIB, alleging disability since June 8, 2010. (R. 20, 213–18.) The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

Judge ("ALJ"). (R. 20.) On May 7, 2014, Plaintiff, represented by counsel, appeared and testified by video before ALJ Karen Sayon. (R. 35–76.) Vocational expert ("VE") Jacqueline Bethell also testified. (*Id.*)

On June 10, 2014, the ALJ denied Plaintiff's claim for DIB, finding him not disabled under the Social Security Act. (R. 20–29.) The Social Security Administration Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of June 8, 2010. (R. 22.) At step two, the ALJ concluded that Plaintiff had the severe impairments of lumbar degenerative disc disease, cervical degenerative disc disease, and obesity. (*Id.*) The ALJ indicated at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 23.) The ALJ then assessed Plaintiff's residual functional capacity ("RFC") and determined that Plaintiff retained the capacity to perform light work, except that he could not climb ladders, ropes, or scaffolds, and was limited to occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and ladders. (R. 24.) At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant

work. (R. 28.) Finally, at step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as counter clerk, housekeeper, or laundry aide. (R. 29.). Because of this determination, the ALJ found that Plaintiff was not disabled under the Act. (*Id.*)

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant suffers from a disability, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform his former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The claimant bears the burden of proof at steps one through four. *Id.* Once the claimant shows an inability to perform past work,

3

the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a claimant, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d

at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994); *see Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence.").

### III. ANALYSIS

Plaintiff asserts the following errors on appeal: (1) the ALJ improperly assessed the opinion of his treating physician; (2) the ALJ's RFC determination was erroneous and not supported by substantial evidence; and (3) the ALJ erred in assessing Plaintiff's subjective allegations and credibility. [Doc. No. 15, at 7–16.] For the reasons that follow, this matter is remanded for further proceedings consistent with this Opinion.

5

## A. The ALJ Did Not Properly Evaluate the Medical Opinion Evidence

In evaluating a claim of disability, an ALJ "must consider all medical opinions in the record." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013); *see* 20 C.F.R. § 404.1527(b). The opinion of a treating physician is afforded controlling weight if it is both "well-supported" by clinical and diagnostic evidence and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c)(2); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011).[2] Because of a treating doctor's "greater familiarity with the claimant's condition and circumstances," *Gudgel v. Barnhart,* 345 F.3d 467, 470 (7th Cir. 2003), an ALJ must "offer good reasons for discounting a treating physician's opinion." *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (citations omitted); *see also See Stage v. Colvin,* 812 F.3d 1121, 1126 (7th Cir. 2016). Those reasons must be "supported by substantial evidence in the record; a contrary opinion of a non-examining source does not, by itself, suffice." *Campbell,* 627 F.3d at 306.

Even where a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308. In making that determination, the regulations require the ALJ to consider a variety of factors, including: (1) the nature and duration of the examining relationship; (2) the length and extent of the treatment relationship; (3) the extent to which medical evidence supports the opinion; (4) the degree to which

---

[2] The SSA recently adopted new rules for agency review of disability claims involving the treating physician rule. *See* 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5844 (Jan. 18, 2017). Because the new rules apply only to disability applications filed on or after March 27, 2017, they are not applicable in this case. (*Id.*)

6

the opinion is consistent with the entire record; (5) the physician's specialization if applicable; and (6) other factors which validate or contradict the opinion. 20 C.F.R. § 404.1527(c). The ALJ must then provide a "sound explanation" for that decision. *Punzio v. Astrue,* 630 F.3d 704, 710 (7th Cir. 2011).

In a letter dated April 22, 2014, Plaintiff's treating physician, Sanjay Chatrath, D.O., briefly detailed Plaintiff's history of chronic neck and back pain with radiculopathy in his arms, and opined that the worsening of these conditions caused him to be unable to work as of June 2010. (R. 384.) Dr. Chatrath stated that Plaintiff's current diagnoses included chronic pain, chronic lumbar radiculopathy and cervical radiculopathy due to a back injury and degenerative disc disease and bulging discs. (*Id.*) Since Dr. Chatrath began treating Plaintiff in August 2012, Plaintiff had been taking Norco six to eight times a day, and Flexeril and Gabapentin three times a day in order to cope with his pain and radiculopathy symptoms. (*Id.*) Dr. Chatrath indicated that Plaintiff could not sit, stand, or walk for long periods of time, his pain woke him up at night, and that his activities of daily living were hard to complete or manage. (*Id.*) Dr. Chatrath noted that a July 30, 2013 MRI of the lumbar spine revealed moderate to severe degenerative disc disease of L1-S1, with L5-S1 being the worst. (R. 365–66, 384.) An MRI of the cervical spine performed the same day revealed moderate to severe degenerative disc disease of C6-C7 with bilateral nerve impingement. (R. 363–64, 384.) Dr. Chatrath opined that these MRI results "all coincide with [Plaintiff's] symptoms." (R. 384.) Additionally, Dr. Chatrath opined that Plaintiff needed to see a spine

7

specialist as soon as possible to prevent permanent nerve damage, and that Plaintiff's quality of life would "greatly benefit from cervical and lumbar surgery as soon as possible." (*Id.*) Dr. Chatrath invited the reader to contact his office if further documentation would be needed, and noted that Plaintiff was in possession of his prior medical records. (*Id.*) The letter was co-signed by Karie Prokop, PA-C. (*Id.*)

The Court concludes that the ALJ improperly discounted the opinions of Dr. Chatrath. It is undisputed that Dr. Chatrath is Plaintiff's treating physician and has been treating Plaintiff since August 2012. However, the ALJ gave insufficient reasons to reject Dr. Chatrath's opinion as a treating physician. The ALJ gave "no weight" to the medical opinion of Dr. Chatrath because: (1) the opinion was based upon Plaintiff's subjective allegations, as Dr. Chatrath did not begin treating Plaintiff until August 2012; and (2) the opinion was "a conclusory opinion on disability, which is a determination to be made by the Commissioner." (R. 27–28.) There are several flaws in the ALJ's analysis.

First, the ALJ did not substantiate her assertion that Dr. Chatrath's opinion was inappropriately based on Plaintiff's subjective complaints. The Seventh Circuit has found that "if the treating physician's opinion is . . . based *solely* on the patient's subjective complaints, the ALJ may discount it." *Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008) (emphasis added). However, the Seventh Circuit recently noted that it was "illogical to dismiss the professional opinion of an examining [physician] simply because that opinion draws from the claimant's reported symptoms." *Aurand v. Colvin,* 654 F. App'x 831, 837 (7th Cir. 2016) (unpublished opinion). "Almost all

8

diagnoses require some consideration of the patient's subjective reports, and certainly [Plaintiff's] reports had to be factored into the calculus that yielded the doctor's opinion." *McClinton v. Astrue*, 2012 WL 401030, at *11 (N.D. Ill. Feb. 6, 2012).

In this case, Dr. Chatrath's medical opinions do not "amount merely to a recitation of [Plaintiff's] complaints." *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004). Dr. Chatrath had the opportunity to examine Plaintiff on six separate occasions in addition to reviewing the MRI evidence and Plaintiff's prior medical records. And there is nothing in the record to suggest that Dr. Chatrath disbelieved Plaintiff's description of his symptoms, or that Dr. Chatrath relied more heavily on Plaintiff's descriptions than his own clinical observations and interpretation of the objective MRI evidence in concluding that Plaintiff was seriously impaired. *See Davis v. Astrue*, 2012 WL 983696, at *19 (N.D. Ill. March 21, 2012) ("The ALJ fails to point to anything that suggests that the weight [Plaintiff's treating physician] accorded Plaintiff's reports was out of the ordinary or unnecessary, much less questionable or unreliable."); *see also Ryan v. Comm'r*, 528 F.3d 1194, 1199–200 (9th Cir. 2008) ("[A]n ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations."). As such, the ALJ did not "build an accurate and logical bridge" from the evidence to her conclusion. *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Moreover, neither the ALJ nor the

9

Commissioner cite to any evidence that Dr. Chatrath based his entire opinion *solely* on Plaintiff's subjective complaints, and, therefore, this reason for denying weight to his opinion is unavailing.

Next, while the Court agrees with the ALJ that the ultimate issue of disability is a legal decision reserved for the Commissioner, the ALJ cannot disregard medical evidence as a whole from the treating physician. *Scrogham*, 765 F.3d at 697. Thus, although it is true that the ALJ was not bound by Dr. Chatrath's assertions that Plaintiff was too disabled to work, *see Garcia v. Colvin*, 741 F. 3d 758, 760 (7th Cir. 2013), Plaintiff's physical and mental ability to work full time "is something to which medical testimony is relevant and if presented can't be ignored." (*Id.*) (citing *Bjornson v. Astrue*, 671 F.3d 640, 647–48 (7th Cir. 2012)).

Further, although the ALJ is not required to give Dr. Chatrath's opinion controlling weight, she still must address the factors listed in 20 C.F.R. § 404.1527 to determine what weight to give the opinion. Social Security Ruling ("SSR")[3] 96-2p. SSR 92-2p states that treating source medical opinions like Dr. Chatrath's "are still entitled to deference and must be weighed using *all* of the factors provided in 20 C.F.R. § 404.1527." *Id.* (emphasis added). Here, the ALJ afforded Dr. Chatrath's opinion no weight, but failed to adequately address or otherwise demonstrate consideration of many of the enumerated factors provided in 20 C.F.R. § 404.1527.

---

[3] SSRs "are interpretive rules intended to offer guidance to agency adjudicators. While they do not have the force of law or properly promulgated notice and comment regulations, the agency makes SSRs binding on all components of the Social Security Administration." *Nelson v. Apfel*, 201 F.3d 799, 803 (7th Cir. 2000); *see* 20 C.F.R. § 402.35(b)(1). While the court is "not invariably bound by an agency's policy statements, the Court "generally defer[s] to an agency's interpretations of the legal regime it is charged with administrating." *Liskowitz v. Astrue*, 556 F.3d 736, 744 (7th Cir. 2009).

Specifically, the ALJ did not analyze the nature and extent of the treatment relationship, the frequency of examination, the supportability of the decision, the consistency of the opinion with the record as a whole, or whether Dr. Chatrath had a relevant specialty. The ALJ is required to "sufficiently account [ ] for the factors in 20 C.F.R. § 404.1527." *Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013) (unpublished decision). The ALJ's failure to do so prevents this Court from determining the reasonableness of the ALJ's decision in light of the factors outlined in 20 C.F.R. § 404.1527.

For the reasons described herein, the ALJ did not offer substantial evidence for rejecting the Dr. Chatrath's opinion, which is an error requiring remand.

**B. Remaining Arguments**

Because remand is required for errors in the ALJ's weighing of the opinion evidence of Dr. Chatrath, the Court need not address Plaintiff's remaining arguments at this time. The Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to use all necessary efforts to build a logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue,* 582 F.3d at 678 ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"); *Smith v. Apfel,* 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala,* 22 F.3d 687, 693 (7th Cir. 1994). Further, the ALJ is advised to consider Plaintiff's testimony in light of the recent

11

guidance provided by SSR 16-3p and focus on Plaintiff's asserted symptoms. *See Cole v. Colvin,* 831 F.3d 411, 412 (7th Cir. 2016). The Commissioner should not assume that any other claimed errors not discussed in this Order have been adjudicated in her favor. On remand, the Commissioner therefore must carefully articulate her findings as to every step.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 14] is granted in part. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

*[signature: Maria Valdez]*

**DATE: November 29, 2017**  _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**